MAY TERM, 1883.  No.                    MAY 16, 1883.

## Copenheffer's Appeal.

Where the guardian mingles the trust moneys with his own and uses them indiscriminately, he may be surcharged with six per cent. interest on them in a review of his account three years after its final confirmation.

Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN, JJ. ; CLARK, J., absent.

Appeal of Henry Copenheffer, guardian of Mary Jane McCauley, from a decree of the Orphans' Court of *Lancaster County* dismissing exceptions to the report of an auditor.

Joseph L. Detwiler died intestate in the year 1863, leaving, among other children, a minor daughter, Mary

[Copenheffer's Appeal.]

Jane Detwiler, now Mary Jane McCauley. On March 19, 1866, Henry Copenheffer was appointed her guardian. On August 9, 1875, he filed a partial account as guardian, which showed a balance in his hands in favor of his ward of $2,751 41. On May 5, 1879, he filed his final account, which showed a balance due his ward of $2,368 76. This account was confirmed absolutely, and the appellant paid the said amount to his ward on November 1, 1879. On March 27, 1882, Mary Jane McCauley presented her petition, setting forth various specifications of error in the account filed, and asked for a review. The Court appointed W. A. Wilson auditor to revise and restate the account. In the third specification it was alleged that the guardian had charged himself with interest on the sum of $1,319 16 for eight months at the rate of five per cent., when he actually received six per cent. for the same. The respondent, in his answer, denied the truth of this allegation. Upon his examination before the auditor, he admitted that the above amount was deposited in bank to his individual credit; that he kept no account as guardian, and that he kept this sum along with his other moneys. In one part of his testimony he said: "When I got money that I had no use for I put it in bank, and used it as I needed it." In the fourth specification, it was alleged that the guardian charged himself with interest on $2,319 16 for one year at the rate of five per cent, when, in fact, he received six per cent. for the same. The respondent, in his answer, denied the truth of this allegation. In his examination before the auditor, in answer to the question, "How was the $2,319 16 invested from April 1, 1868, to April 1, 1869?" he stated that he used the money to pay for two fields containing about thirty-two acres of land, which he added to his farm. He continued to charge himself with this sum for five years and nine months subsequently at the rate of four and a half per cent. interest. Other specifications charged similar errors in the accounts. The auditor filed a report surcharging the respondent with $813 80, but finding as a fact that no fraud was meditated. To this the respondent filed, *inter alia*, the following exceptions:

2. "The auditor erred in surcharging said guardian with the sum of $813 80."

4. "The auditor had no authority or right to inquire into, revise, or restate said accounts after their confirmation absolutely, money paid over, and release given by said ward to her guardian."

[Groff's Appeal.]

The Court, LIVINGSTON, J., dismissed the exceptions, and confirmed the report absolutely.

The respondent thereupon took this appeal, assigning for error the action of the Court in dismissing his exceptions to the report of the auditor, and confirming the report absolutely.

*J. B. Amwake* and *J. W. Denlinger* for appellant.

After the ward had slept upon her rights for so long a time, the Court should not have allowed the accounts to be reviewed at all. The auditor found that no fraud was meditated by the guardian when his accounts were filed, and the decree confirming his accounts should not have been disturbed so as to do injustice to him : Kinter's Appeal, 12 P. F. Smith, 323.

*M. Brosius* for appellee.

OCTOBER 1, 1883.—PER CURIAM : The fact is unquestioned that the appellant mingled the trust money with his own, and used it indiscriminately for all purposes. He was, therefore, correctly held liable for the legal rate of interest thereon. If he desired to avoid payment of that rate of interest, he should have kept the trust money separate from his own, and proved an honest effort to invest it. As he is not shown to have made such an effort, and he did not ask for an order of Court directing the investment, he is in no position to complain of the decree imposing legal interest upon him.

Decree affirmed, and appeal dismissed at the cost of appellant.